HAWAII HOUSING AUTHORITY, A PUBLIC BODY AND A BODY POLITIC, *v.* FERDINAND J. H. SCHNACK, ET ALS.

NO. 2906.

FILED OCTOBER 24, 1952.                    DECIDED NOVEMBER 13, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

*Per Curiam.* This is a petition for a rehearing of the cause determined by this court in its opinion as recorded at page 543, *ante.* The petition is argumentative throughout. It presents no authorities to challenge, and does not itself directly challenge, the authoritative holding of this court as to the sufficiency of certain judicially noticed facts to support the decision below on the issue of public use. It apparently, however, seeks to inject into the issue of public use a question which in this case is not cognizable under that issue. The question is whether "unsanitary and unsafe housing conditions exist in the area herein sought to be condemned" as alleged in the petition for condemnation. Stated in other words, it is whether that area contains slums or slum conditions capable of being cleared by the public use of slum clearance as one of the two uses involved in the issue. That question is essentially one as to the necessity and expediency for taking such particular property for such specific public use. It is thus basically a political question the determination of which rests in the discretion of the Hawaii Housing Authority as the public body or governmental agency to which the legislature delegated the power of eminent domain. It is concluded when that body proposes to employ the public use of slum clearance in the area sought to be con-

demned and declares by resolution, as required by statute, that the acquisition of such area is in the public interest and necessary for public use. (R. L. H. 1945, § 3517.) Nevertheless, it is subject to review by the courts but only in the case of fraud, bad faith or gross abuse of discretion. (For collection of authorities see Anno. 65 A. L. R. 504.) But fraud, bad faith or gross abuse of discretion was neither put in issue by the pleadings nor proved or offered to be proved at the trial on the issue of public use. Consequently, the question of existing slum conditions as presented and urged by the petition for rehearing was not cognizable at that trial or on appeal. Nor, even if it had been, would such question have had any effect upon the public character of the use of constructing and maintaining dwellings for persons of low income, as the other use involved in the issue, or upon the legality of the taking for that use. This is true because the employment of such use is not dependent upon the condemned area being a slum area. It may be employed separately from the public use of slum clearance in that area and still justify the taking. (See *Housing Authority* v. *Higginbotham*, 135 Tex. 158, 143 S. W. [2d] 79, 130 A. L. R. 1053; *Chapman* v. *Housing Authority*, 121 W. Va. 319, 3 S. E. [2d] 502. See also R. L. H. 1945, § 3503 as am., S. L. H. 1951, Act 134, ser. A-66.)

Petition denied without argument.

*F. Schnack* and *H. C. Schnack* for petition.